UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CODY BARBER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV1025 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America opposes the Motion. The Court granted Petitioner's Motion to Stay pending the outcome of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The Court heard oral arguments on July 25, 2018. For the reasons set forth below the Motion will be denied.

### **Background**

Petitioner pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of using a firearm in relation to a crime of violence

punishable under 18 U.S.C. § 924(c). Petitioner was sentenced to 97 months imprisonment. He was sentenced to 37 months on the bank robbery, which was enhanced by application of 18 U.S.C. § 924(c) to 97 months.

On June 27, 2016, Petitioner filed the instant Motion to Vacate under 18 U.S.C. § 2255, asking the Court to vacate, set aside, and/or correct his sentence based upon *Johnson*. In his motion, Petitioner argues that the *Johnson* holding entitles him to relief, since his conviction and sentence for possessing a firearm in relation to a "crime of violence" based on bank robbery violates the new Constitutional due process *Johnson* ruling.

## Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Watson*

*v. United States,* 493 F.3d 960, 963 (8th Cir.2007). Petitioner bears the burden of showing that he is entitled to relief. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970).

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). The *Johnson* case focused on the ACCA, which mandates sentencing enhancements for defendants previously convicted of three or more "violent felonies." 18 U.S.C. § 924(a). The *Johnson* court invalidated a portion of the ACCA called the residual clause, which concerned prior convictions for a "violent felony" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); *see* Johnson 135 S. Ct. 2551 (addressing Johnson petitioner's conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)). Although Petitioner was not sentenced under the ACCA provisions which were at issue in *Johnson*, he asserts

3

that the *Johnson* analysis and holding should be extended to his "crime of violence" conviction under 18 U.S.C. § 924(c).

Title 18 Section 924(c) mandates minimum sentencing enhancements for persons convicted of a "crime of violence" who use or carry a firearm in furtherance of such crime. 18 U.S.C. § 924(c)(3) defines a "crime of violence" to include a conviction that is a felony and: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Petitioner was charged with bank robbery in violation of 18 U.S.C. § 2113(a) which provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association. . .
>
> Shall be fined under this title or imprisonment not more than twenty years, or both.

As the Government correctly argues, under 18 U.S.C. § 9249(c)(3)(A), a crime qualifies as a predicate crime of violence if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. The Court is unpersuaded by Petitioner's argument that his conviction

4

fails to qualify as a "crime of violence" because the crime did not necessarily require as an element violent force.

> The holding of [*United States v.*] *Wright* [, 957 F.3d 520 (8th Cir. 1992)] therefore controls: bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause, because it involves a threatened *627 use of force. *See also Allen v. United States*, 836 F.3d 894, 894–95 (8th Cir. 2016) (per curiam) (holding that bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)). The district court correctly ruled that Harper qualified as a career offender. We need not address whether Harper also qualifies as a career offender because § 4B1.2(a)(2) enumerates "robbery" as a crime of violence. *Cf. United States v. Jenkins*, 651 Fed.Appx. 920, 925 (11th Cir. 2016) (per curiam).

*United States v. Harper*, 869 F.3d 624, 626–27 (8th Cir. 2017). Petitioner's argument that *Johnson* and *Dimaya* invalidate his sentence is without merit.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Petitioner may not take an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); *Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo,* 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994)). None of these

5

prerequisites have been met. Eighth Circuit precedent is clear. Bank robbery is a crime of violence, and therefore, Petitioner's sentence was under § 924(c)(3)(A)'s force/elements clause, not § 924(c)(3)(B), such that the issues deserve further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Sentence [Doc. No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of July, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE